**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lydia Marquez, et al., | CV 08-1132-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Joint Motion for Remedies Due to Plaintiffs' Failure to Pay Defendants' Expert Witnesses (doc. #144), which the Court denies.

Under Federal Rule of Civil Procedure 37(b)(2) the Court may sanction a party for failure to obey an order "to provide or permit discovery." There is no question that Plaintiffs disobeyed the Court's January 22, 2010 order directing Plaintiffs to pay Defendants' experts' fees. However, there is no authority for the proposition that striking Plaintiffs' experts is an appropriate sanction.

It is not clear that Rule 37(b)(2) permits the Court to impose non-monetary sanctions in these circumstances. Sanctions under Rule 37(b)(2) may be imposed for failure to obey an order "to provide or permit discovery." Defendants do not complain that Plaintiffs have deprived them of discovery. In all of the cases Defendants cite, non-monetary sanctions were imposed due to a party's failure to provide discovery. *See Roadway Express v. Piper*, 447 U.S. 752, 763-64 (1980) (failure to answer

interrogatories); *Torres v. City of Los Angeles*, 540 F.3d 1031, 1047 (9th Cir. 2008) (failure to produce expert report); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (failure to produce expert report); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) (failure to produce documents); *Adriana Int'l. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) (repeated failure to appear at depositions and produce documents); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 31 (1st Cir. 2001) (failure to comply with automatic expert disclosure requirements and failure to answer interrogatories); *Anderson v. Found. for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 503-04 (4th Cir. 1998) (failure to respond to discovery requests); *O'Neill v. AGWI Lines*, 74 F.3d 93 (5th Cir. 1996) (failure to provide information regarding basis for jurisdiction); *Young v. Office of the U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 65 (D.D.C. 2003) (witness tampering);

      The only case cited by Defendants in which a court imposed sanctions solely for violating a court order to pay expert fees is *New York v. Solvent Chemical Co.*, 210 F.R.D. 462, 474 (W.D.N.Y. 2002), and the court in that case awarded attorneys' fees and costs–monetary sanctions. *Royal Maccabees Life Insurance Co. v. Malachinski*, No. 96 C 6135, 2001 WL 290308, 2001 U.S. Dist. LEXIS 3362 (N.D. Ill. Mar. 20, 2001) is similarly distinguishable. In that case, although there was a failure to pay expert fees, non-monetary sanctions were imposed because the sanctioned party failed to obey three separate orders from the judge directing the party to produce documents. *Id.* at *7, 2001 U.S. Dist. LEXIS 3362 at *23. The failure to pay expert fees resulted in an award of attorneys' fees and costs. *Id.* at *11-12, 2001 U.S. Dist. LEXIS 3362 at *31-32.

      Even if Rule 37(b)(2) allows the Court to impose non-monetary sanctions for Plaintiffs' failure to comply with the Court's January 22, 2010 order, striking Plaintiffs' experts for failure to pay Defendants' experts' fees is unduly harsh. Defendants complain that monetary sanctions are inadequate because Plaintiffs are indigent and there is no

| | |
|---|---|
| 1 | reasonable prospect of payment.  However, a money judgment against Plaintiffs would |
| 2 | enable Defendants to collect eventually if, for example, Plaintiffs obtain damages at the |
| 3 | conclusion of this action.  In any event, Defendants do not adequately explain why a |
| 4 | monetary sanction would not redress the economic harm they suffered. |
| 5 |     Although the Court is willing to consider entering a money judgment against |
| 6 | Plaintiffs, Defendants have not asked the Court to do so.  In fact, Defendants specifically |
| 7 | state that they are not required to seek this remedy.  A money judgment in favor of |
| 8 | Defendants will be entered at the end of the case unless Defendants request one earlier. |
| 9 |     IT IS THEREFORE ORDERED that Defendants' Joint Motion for Remedies Due |
| 10 | to Plaintiffs' Failure to Pay Defendants' Expert Witnesses (doc. #144) is denied. |
| 11 |     DATED this 22nd day of April, 2010. |

_____
Neil V. Wake
United States District Judge